**John W. PASSMORE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 02–3036.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 12, 2002.

Before LOURIE, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

John W. Passmore petitions for review of the decision of the Merit Systems Protection Board ("Board"), Docket No. AT–844E–01–0354–I–1, affirming the reconsideration decision of the Office of Personnel Management ("OPM") that he is not entitled to a disability retirement annuity under the Federal Employees' Retirement System ("FERS"). OPM denied Mr. Passmore's application because he failed to show that he suffered from a disabling medical condition that prevented him from performing useful and efficient service in his position. We *affirm* the decision of the Board.

### BACKGROUND

Mr. Passmore worked as a Mailhandler for the United States Postal Service ("USPS"). On October 14, 1996, he sustained an injury when a co-worker's forklift hit the tow-motor on which Mr. Passmore was working. As a result of this injury, Mr. Passmore received worker's compensation and was placed on a limited-duty status. Although Mr. Passmore subsequently saw multiple doctors for his injury, it was Dr. Roger, an orthopedist, who treated him most frequently. For more than a year, Dr. Rogers recommended that Mr. Passmore be kept on light duty. In January of 1998, however, Dr. Rogers concluded that Mr. Passmore could be returned to full duty. According to Dr. Rogers, Mr. Passmore suffered from neck discomfort that resulted from simple degenerative changes that had been aggravated by his injury. The USPS returned Mr. Passmore to full duty in September 1998. When Mr. Passmore subsequently failed to return to work, the USPS removed him for absence without leave, effective December 10, 1998.

On September 7, 1999, Mr. Passmore applied for FERS disability retirement. In his application, Mr. Passmore identified his medical conditions as: (1) 3 herniated disks in his neck; (2) high blood pressure; and (3) a bad disc in his lower back. OPM denied Mr. Passmore's application on the ground that he failed to demonstrate that he suffered from a medical condition that disabled him from performing useful and efficient service in his position. When OPM affirmed its initial decision on reconsideration, Mr. Passmore appealed to the Board. After reviewing the evidence in the administrative record, including the medical reports of several doctors, the Board affirmed OPM's determination that Mr. Passmore had not shown that his condition was disabling. Mr. Passmore timely appealed to this court.

## DISCUSSION

Under the Administrative Procedure Act, this court generally reviews Board decisions to determine whether they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703 (2000). In the context of disability cases, however, Congress has narrowed the scope of our review. Under 5 U.S.C. § 8461(d), "the decision of [OPM] concerning [questions of disability and dependency arising under this chapter] are final and conclusive and are not subject to review." 5 U.S.C. § 8461(d) (2000). As a result, this court is precluded from reviewing the factual underpinnings of physical disability determinations, although it may consider "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Anthony*

*v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (internal citations omitted)).

Here, Mr. Passmore does not allege a departure from important procedural rights, a misconstruction of the governing legislation, or any similar error going to the heart of the administrative determination. Instead, he argues that the Board's decision is not supported by substantial evidence. In essence, Mr. Passmore urges this court to reverse the Board on the ground that it wrongly weighed the evidence. Under 5 U.S.C. § 8461(d), however, this is something we cannot do. *Anthony*, 58 F.3d at 626. Accordingly, the Board's decision is affirmed.